UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ST. CLAIR INSURANCE COMPANY,

        Plaintiff,

- against -

LOUIS CAMPISANO and ATLANTIC ICS CORP.,

        Defendants.

**COMPLAINT**

---

Plaintiff St. Clair Insurance Company ("St. Clair," or "the Company"), by its attorneys, Duane Morris LLP, for its Complaint against defendants Louis Campisano ("Campisano") and Atlantic ICS Corp. ("AICS") (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This case is about Defendants' unauthorized writing of certain insurance policies and filing of rate, rule, and form filings ("Rate Filings") with the New York Department of Financial Services ("NYDFS"). Through forged documents and false statements, Defendants falsely represented and acted as an authorized agent for St. Clair for at least five months when no such authority had been granted.

2. As a result of Defendants' egregious misconduct, St. Clair has lost the value of being a "clean insurance shell company", meaning a dormant insurance company whose intrinsic value is only the license it holds and the assets necessary to maintain that license.

3. In fact, as described below, a potential buyer of St. Clair withdrew from negotiations to buy the Company upon discovering the Rate Filings because any liability

associated with a shell company is antithetical to the very purpose of acquiring a "clean" insurance shell.

4.  Defendants' actions have caused St. Clair to lose its clean insurance shell status, substantially reducing the value of St. Clair and placing it at risk of dissolution by the NYDFS.

5.  Defendant's fraudulent activity has damaged St. Clair in an amount believed to be in excess of $1.5 million dollars representing the significant loss of value to the Company and the resulting lost opportunity of the pending and/or any future sale.

## PARTIES

6.  Plaintiff St. Clair is a New York licensed insurer with its place of business located at 28 Norwood Avenue, Northport, NY 11768.

7.  Upon information and belief, Campisano is a citizen of the State of New Jersey.

8.  Upon information and belief, AICS is a citizen of the State of New Jersey.

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the citizenship of the parties is diverse and, the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2)-(3).

## FACTS

*About St. Clair*

11. St. Clair is a New York licensed insurer authorized to underwrite insurance policies in the following categories: (i) Personal Injury, (ii) Property Damage, and (iii) Motor Vehicle and Aircraft Physical Damage.

12. However, St. Clair has never written any policies or filed any rates, files or forms with the NYDFS, making it a clean insurance shell as it is a business entity which has a valid New York Insurer's license, meets all the requirements of an insurer in New York State, and has never filed, marketed or underwritten an insurance policy.

*Attempted Sale of St. Clair & Discovery of Unauthorized Acts*

13. Seeking to benefit from the value of the Company as a clean insurance shell, St. Clair was marketed to be sold beginning in or around 2015.

14. St. Clair retained the services of Propel Advisory Group, Inc. d/b/a Prisco Consulting ("Prisco"), to solicit potential buyers for the Company.

15. Prisco believed that since St. Clair was a "clean shell", it could command a total sale price of between $1.3 and $1.6 million dollars.

16. In or around July 2016, a prospective buyer of St. Clair, Dave Thorson ("Thorson"), entered into negotiations for the purchase of the Company as a clean insurance shell.

17. During due diligence, an SNL report revealed three (3) New York Rate Filings submitted to NYDFS, and two (2) Pennsylvania Rate Filings submitted to the Pennsylvania Insurance Department ("PID"), on behalf of St. Clair by the actuarial firm Perr & Knight (a true and correct copy of the SNL Summary is attached hereto as Exhibit A).

18. Four (4) of the filings were submitted on January 15, 2016, and the last New York filing to NYDFS was submitted on May 10, 2016.

19. Ultimately, two (2) of the New York submissions were approved by NYDFS and one (1) was rejected. The filings submitted to PID were not approved because the Company is

not licensed as an Insurance Company in Pennsylvania (a true and correct copy of the accepted New York Rate Filings is attached hereto as <u>Exhibit B</u>).

20. St. Clair had never authorized Perr & Knight to make any of these Rate Filings.

21. Due to these unauthorized Rate Filings, St. Clair has lost its clean insurance shell status and the market value associated with such status.

22. Thorson, upon the discovery that St. Clair was no longer a clean insurance shell, withdrew from negotiations to acquire the Company.

*St. Clair's Investigation Into the Unauthorized Filings*

23. St. Clair has learned that Campisano instructed Perr & Knight to submit the Rate Filings on behalf of St. Clair.

24. However, St. Clair had never authorized Campisano to provide such instruction on its behalf.

25. In fact, prior to the discovery of the unauthorized Rate Filings, St. Clair had no knowledge of, or dealings with, Campisano.

26. Upon information and belief, Campisano is a licensed insurance producer in New York, New Jersey, and Pennsylvania (a true and correct copy of Campisano's licensing status search results for New York, New Jersey, and Pennsylvania is attached hereto as <u>Exhibit C</u>).

27. In furtherance of his deceit, Campisano represented to the NYDFS that AICS was a producer for St. Clair, when in fact, it was not (a true and correct copy of the NYDFS Licensed Agency Search Results for AICS is attached hereto as <u>Exhibit D</u>).

28. Additionally, Campisano provided Perr & Knight with a forged Letter of Authority, dated December 2, 2015 (a true and correct copy of which is attached as <u>Exhibit E</u>).

29. The Fraudulent Letter was signed by an individual named Robert Zaia ("Zaia"), who claimed to be the Chief Financial Officer of St. Clair.

30. Zaia is not, and has never been, the CFO of St. Clair and was not authorized to sign any letter authorizing any filings on the Company's behalf.

31. On August 16, 2016, Campisano falsely represented that AICS is the "contractually designated and exclusive managing agent of St Clair." (a true and correct copy of the email communication is attached hereto as part of Exhibit F ).

32. Defendants' unauthorized conduct has substantially reduced the market value of St. Clair by stripping it of clean insurance shell status.

33. Additionally, Defendants' conduct has resulted in the issuance of unauthorized insurance policies to: (i) Liverpool Carting Company, Inc., dated July 5, 2016, with a policy limit of $1 million dollars covering seven automobiles, and (ii) A&D Express Inc., dated August 4, 2016, with a policy limit of $1 million dollars covering seven automobiles.

34. These unauthorized policies create a potential liability of up to $1 million dollars for any individual accident involving any of the 14 automobiles.

35. Upon information and belief, Defendants have collected at least $50,000 in premiums from these fraudulently issued policies.

36. Campisano has represented, through his counsel, that he has canceled and/or replaced the policies in order to remove the liabilities he has imposed on St. Clair.

37. However, there is nothing Defendants can do to restore St. Clair to clean insurance shell status.

DM3\4276731.3

*Cease and Desist Letter & Notice of Fraudulent Activity to NYDFS*

38. A cease and desist letter was sent to Campisano and AICS on August 22, 2016, requiring that they cease and desist from all activity on behalf of St. Clair as no authorization had ever been provided to them by St. Clair (a true and correct copy of the Cease and Desist Letter is attached hereto as part of Exhibit F).

39. In response, Campisano, through his attorney, agreed to stop all activity taken on behalf of St. Clair.

40. On September 16, 2016, in compliance with New York Insurance Law § 405(a) and New York Codes, Rules and Regulations, Title 11, section 86.5, St. Clair filed a notice informing NYDFS of the suspected fraudulent activity (a true and correct copy of the Notice is attached hereto as Exhibit G).

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST CAMPISANO AND AICS FOR CONVERSION

41. St. Clair repeats and re-alleges the allegations set forth in paragraphs 1 to 40 with the same force and effect as if repeated at length herein.

42. St. Clair has an immediate and superior right of possession and control over any and all property and value belonging to St. Clair, including but not limited to St. Clair's insurer license with NYDFS to underwrite in the Personal Injury Liability, Property Damage Liability, Motor Vehicle and Aircraft Physical Damage lines of insurance business in New York State.

43. Defendants exercised unauthorized dominion and control over St. Clair and St. Clair's insurer license with NYDFS, by *inter alia*, filing or causing to be filed a fraudulent Letter of Authority, dated December 2, 2015, authorizing filings to be made on behalf of St. Clair without its permission, writing policies and filing rates, rule and forms on behalf of St. Clair without its authorization, engaging in business under St. Clair's name without its authorization,

transforming St. Clair from an insurance shell company into an operational one without its authorization, and incurring an excess of $1 million dollars in liability on behalf of St. Clair without its authorization.

44. Defendants' unauthorized control over St. Clair's license to do business as an insurer in New York State was made to the exclusion of and in defiance of St. Clair's rights, including but not limited to St. Clair's right to be sold as a clean insurance shell.

45. Campisano's and AICS's unauthorized control over St. Clair's license to do business as an insurer in New York State has caused damage to St. Clair by exposing St. Clair to liability it did not authorize, by causing St. Clair to lose its clean insurance shell status and thereby lose a prospective purchaser of St. Clair, and by damaging St. Clair's status with NYDFS and as a clean insurance shell.

46. Campisano's and AICS's unauthorized control over St. Clair's license to do business as an insurer in New York State has caused damage to St. Clair in an amount to be determined at trial but believed to be in excess of $1.5 million dollars together with interest, attorneys' fees and costs, and any other relief the Court deems to be just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST
CAMPISANO AND AICS FOR DECEIT**

47. St. Clair repeats and re-alleges the allegations set forth in paragraphs 1 to 46 with the same force and effect as if repeated at length herein.

48. Campisano and AICS made false representations to NYDFS, Perr & Knight and the general public by *inter alia* holding AICS out as producer for St. Clair, filing or causing to be filed a fraudulent Letter of Authority, dated December 2, 2015, authorizing filings to be made on behalf of St. Clair without its permission, writing policies and filing rates, rule and forms on

7

behalf of St. Clair without its authorization and engaging in business under St. Clair's name without its authorization.

49. Campisano's and AICS's intentional and false representations have caused damage to St. Clair by exposing St. Clair to liability it did not authorize, by causing St. Clair to lose its clean insurance shell status and thereby lose a prospective purchaser of St. Clair, and by damaging St. Clair's status with NYDFS and as a clean insurance shell.

50. Campisano's and AICS's intentional and false representations have caused damage to St. Clair in an amount to be determined at trial but believed to be in excess of $1.5 million dollars together with interest, attorneys' fees and costs, and any other relief the Court deems to be just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST CAMPISANO AND AICS FOR TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC RELATION

51. St. Clair repeats and re-alleges the allegations set forth in paragraphs 1 to 50 with the same force and effect as if repeated at length herein.

52. Defendants' actions including but not limited to causing AICS to be formed for purposes of acting on behalf of St. Clair without its authorization, representing AICS as producer for St. Clair without its authorization, and writing policies and filing rates, rules, and forms on behalf of St. Clair without its authorization, individually and collectively interfered with St. Clair's business relation with a prospective purchaser of St. Clair as a clean insurance shell.

53. Such interference was accomplished by Defendants' unauthorized activity which led to changing St. Clair's status from clean insurance shell to operational.

54. As a result of Defendants' fraudulent acts, St. Clair lost an opportunity to be sold to a prospective buyer.

8

55. Defendants' fraudulent acts have caused damage to St. Clair in an amount to be determined at trial, but believed to be in excess of $1.5 million dollars together with interest, attorneys' fees and costs, and any other relief the Court deems to be just and proper.

WHEREFORE, Plaintiff St. Clair Insurance Company requests judgment as follows:

i. On its first cause of action against Campisano and AICS for conversion as to St. Clair's license to do business as an insurer in New York, an award of damages against Defendants in an amount to be determined at trial equal to a sum in excess of $1.5 million dollars;

ii. On its second cause of action against Campisano and AICS for deceit and damages incurred by St. Clair Insurance Company as a result, an award of damages against Defendants in an amount to be determined at trial equal to a sum in excess of $1.5 million dollars;

iii. On its third cause of action against Campisano and AICS for tortious interference with a prospective economic relation, an award of damages against Defendants in an amount to be determined at trial equal to a sum in excess of $1.5 million dollars;

iv. On all causes of action, an award of interest, costs, disbursements, attorney's fees and punitive damages as provided for by law and equity;

v. Such other and further relief which the Court deems just and proper, including equitable relief.

Dated: New York, New York
October 12, 2016

            DUANE MORRIS LLP


          By:  *s/ Evangelos Michailidis*
            Evangelos Michailidis
            Alice Kane
         1540 Broadway
         New York, New York 10036
         Phone: (212) 692-1000
         Email: emichailidis@duanemorris.com
            atkane@duanemorris.com

         *Attorneys for Plaintiff*
         *St. Clair Insurance Company*